USAO#2016R00566/DVC

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| | : | |
| v. | : | Crim. No. 21-208 (RMB) |
| | : | |
| JAMERE HILL-BIRDSONG, | : | 18 U.S.C. §§ 1344, 1349 & 1028A |
| a/k/a "Jamere Hill," | : | |
| a/k/a "Ghost," | : | |
| a/k/a "TheRea Fly FatBoi," and | : | |
| LAMAR MELHADO, a/k/a "Staxx" | : | |

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Camden, charges as follows:

### COUNT 1
### (Conspiracy to Commit Bank Fraud)

1. At all times relevant to this Indictment:

   a. Defendant JAMERE HILL-BIRDSONG, a/k/a "Jamere Hill," a/k/a "Ghost," a/k/a "TheRea Fly FatBoi" ("HILL"), was a resident of Pennsauken, New Jersey.

   b. Defendant LAMAR MELHADO, a/k/a "Staxx" ("MELHADO") was a resident of the Bronx, New York.

   c. The Victim Bank (the "Bank") was a "financial institution" as that term is defined in Title 18, United States Code, Section 20, with its deposits insured by the Federal Deposit Insurance Corporation.

   d. The Bank had a large presence in southern New Jersey, including numerous bank branches and its administrative offices, which included a customer call center located in Mount Laurel, New Jersey. The Bank's employees at the call center were responsible for answering telephone calls from the Bank's account holders and had full access to the account holders' information as part of their normal job functions, including the account

    holders' names, dates of birth, social security numbers, residential and email addresses, telephone numbers, signatures, bank account numbers and other personal identifying information (hereinafter collectively "personal identifying information").

  e. The Bank's account holders called into the call center to make changes to their account, including to activate online banking options and to change their contact information, *e.g.*, mailing address, telephone number, email address, *etc*. The Bank implemented standard verification procedures to ensure that only an account holder could make changes to his/her accounts, including requiring its employees to ask the caller to provide identifiers, such as a social security number, and also asking the caller to identify the last deposit or transaction on his or her account. The call center employees had access to the Bank's computerized business records which showed the employees the account holder's personal identifying information and recent transactions to verify the caller's identity.

2. From on or about August 10, 2015 through on or about September 24, 2016, defendant HILL was employed by the Bank at the Bank's customer call center in Mount Laurel, New Jersey.

3. From on or about August 14, 2014 through on or about September 13, 2016, Co-Conspirator 1 (hereinafter "CC1") was employed by the Bank. From in or about March 2015 through on or about September 13, 2016, CC1 was employed at the Bank's customer call center in Mount Laurel, New Jersey.

4. From on or about March 14, 2016 through in or about July 3, 2017, Co-Conspirator 2 (hereinafter "CC2") was employed by the Bank at its customer call center in Mount Laurel, New Jersey.

## The Conspiracy

5.  From in or about August 2016 through in or about August 2017, in the District of New Jersey, and elsewhere, defendant

> JAMERE HILL-BIRDSONG, a/k/a "Jamere Hill," a/k/a "Ghost,"
> a/k/a "TheRea Fly FatBoi," and
> LAMAR MELHADO, a/k/a "Staxx,"

did knowingly and intentionally conspire and agree with each other and others to devise a scheme and artifice to defraud a financial institution, namely the Bank, and to obtain moneys, funds, assets, and other property owned by, and under the custody and control of the Bank, by means of materially false and fraudulent pretenses, representations, and promises, contrary to Title 18, United States Code, Section 1344.

## The Object of the Conspiracy

6.  The object of the conspiracy was to enrich defendants HILL, MELHADO and their co-conspirators by fraudulently obtaining money from the Bank by obtaining personal identifying information of the Bank's account holders, and then using that personal identifying information to make and attempt to make unauthorized withdrawals from the account holders' bank accounts.

## The Manner and Means of the Conspiracy

7.  It was part of the conspiracy that defendants HILL and MELHADO recruited other employees of the Bank's Mount Laurel, New Jersey call center, including CC1 and CC2, to provide them with personal identifying information of various Bank account holders for the purposes of stealing the account holders' personal identifying information and then making unauthorized withdrawals from the account holders' accounts using that stolen information.

8.  It was further part of the conspiracy that defendant HILL, CC1, CC2 and other co-conspirators who worked at the Bank's call center screened calls from the Bank's account holders looking for account holder victims.

9. It was further part of the conspiracy that defendant HILL, CC1, CC2 and other co-conspirators who worked at the Bank's call center stole the victim account holders' personal identifying information and shared that information with defendants HILL and/or MELHADO.

10. It was further part of the conspiracy that defendants HILL, MELHADO and their co-conspirators used the stolen personal identifying information in various ways to effectuate the fraudulent scheme, including by:

   a. changing the contact information, *e.g.*, addresses, phone numbers, and email addresses on the victims' accounts so that the co-conspirators could impersonate the victim account holders;

   b. activating the online payment option, and generating unauthorized payments from the victim accounts; and

   c. obtaining fraudulent driver's licenses and identification documents in the names of the Bank's victim account holders, but bearing the photographs of co-conspirator "runners."

11. It was further part of the conspiracy that defendants HILL, MELHADO and their co-conspirator runners made unauthorized withdrawals and attempted withdrawals from the victim account holders' accounts both electronically and by travelling to various Bank branches. At the direction of defendant MELHADO, the co-conspirator runners entered various Bank branches in New Jersey and elsewhere and impersonated the Bank's victim account holders by presenting withdrawal slips bearing the Bank's victim account holder's name and Bank account number, and fraudulent identification documents in order to withdraw money from the victim account holder's accounts. Some of the same co-conspirator runners accessed multiple account holders' accounts and had multiple fraudulent identification documents bearing their photographs and the names of victim account holders.

### Specific Acts in Furtherance of the Conspiracy

12. In furtherance of the conspiracy and to affect its objects, defendants HILL and MELHADO and their co-conspirators committed the following acts, among others:

### Victim 1

13. On or about August 5 and 6, 2016, while working at the Bank's call center, defendant HILL repeatedly accessed Victim 1's account (account ending 7422).

14. On or about August 10, 2016, an individual using a telephone number ending 1756 and identifying himself as Victim 1 called the Bank, provided Victim 1's social security number, checked Victim 1's account balance ($12,581.32), changed the address on Victim 1's account to an address in Connecticut, and asked how he could obtain a new debit card should he lose his.

15. On or about August 10, 2016, two cash withdrawals totaling $7,410 were made from Victim 1's account using a fraudulent Connecticut driver's license in Victim 1's name: (1) $3,560 from a branch in Jersey City, New Jersey; and (2) $3,850 from a branch in Hoboken, New Jersey.

### Victim 2

16. On or about August 20, 2016, while working at the Bank's call center, CC1 made an inquiry into Victim 2's savings account (account ending 0704). CC1 thereafter forwarded Victim 2's personal identifying information to defendant HILL.

17. On or about August 27, 2016 and August 29, 2016, four cash withdrawals totaling $16,600 were made from Victim 2's account: (1) on August 27, 2016, $4,300 from a branch in Patterson, New Jersey; (2) on August 27, 2016, $4,200 from a branch in Newark, New Jersey; (3) on August 29, 2016, $3,800 from a branch in Union, New Jersey; and (4) $4,300 from a branch in Newark, New Jersey.

### Victim 3

18. On or about August 23, 2016, while working at the Bank's call center, defendant HILL took a call from Victim 3 in reference to Victim 3's checking account (account ending 7573).

19. On or about September 6, 2016, an individual using telephone number ending 4775 and identifying himself as Victim 3 called the Bank and changed the address on the account.

20. On or about September 8, 2016, three cash withdrawals totaling $19,000 were made from Victim 3's account: (1) $3,500 from a branch in Trenton, New Jersey; (2) $7,000 from a branch in Ewing, New Jersey; and (3) $8,500 from a branch in Hamilton, New Jersey.

### Victim 4

21. On or about September 6, 2016, while working at the Bank's call center, defendant HILL and CC1 accessed Victim 4's account (account ending 4824). That same day, CC1 took a screen shot of Victim 4's personal identifying information and sent it to CC1's personal email account from CC1's Bank email account.

22. On or about September 14, 2016, three cash withdrawals totaling $13,750 were made from Victim 4's account: (1) $3,750 from a branch in Patterson, New Jersey; (2) $5,000 from a branch in Totowa, New Jersey; and (3) $5,000 from a branch in Woodland Park, New Jersey.

### Victim 5

23. On or about May 7, 2017, while working at the Bank's call center, CC2 accessed Victim 5's account (account ending 8955). On or about that same day, CC2 shared Victim 5's personal identifying information with defendant MELHADO.

24. On or about May 31, 2016, four cash withdrawals totaling $21,700 were made from Victim 5's account at four separate branch locations, all in Philadelphia, Pennsylvania: (1) $4,200; (2) $4,800; (3) $6,500; and (4) $6,200.

### Victim 6

25.     On or about June 26, 2017, while working at the Bank's call center, CC2 accessed Victim 6's account (account ending 4455). On or about that same day, CC2 shared Victim 6's personal identifying information with defendant MELHADO.

26.     On or about June 28, 2017, a $6,850 cash withdrawal was made from Victim 6's account at the branch in Livingston, New Jersey.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-8
## (Bank Fraud)

1. Paragraphs 1 through 4 and 6 through 26 of Count 1 of the Indictment are incorporated as if set forth in full herein.

2. On or about the dates set forth below, in the District of New Jersey, and elsewhere, defendants

> JAMERE HILL-BIRDSONG, a/k/a "Jamere Hill," a/k/a "Ghost,"
> a/k/a "TheRea Fly FatBoi," and
> LAMAR MELHADO, a/k/a "Staxx,"

did knowingly and intentionally execute, and attempt to execute, a scheme and artifice to defraud a financial institution, namely the Bank, and to obtain moneys, funds, assets, and other property owned by, and under the custody and control of the Bank, by means of materially false and fraudulent pretenses, representations, and promises:

| COUNT | DATE(S) | AMOUNT | DESCRIPTION | DEFENDANT |
|---|---|---|---|---|
| 2 | 8/5/2016 through 8/10/2016 | $7,410 | Cash withdrawals of $7,410 from Victim 1's account (account ending 7422) | HILL and MELHADO |
| 3 | 8/20/2016 through 8/29/2016 | $16,600 | Cash withdrawals from Victim 2's account (account ending 0704) | HILL and MELHADO |
| 4 | 8/26/2016 through 9/8/2016 | $19,000 | Cash withdrawals Victim 3's account (account ending in 7573) | HILL and MELHADO |
| 5 | 9/6/2016 through 9/14/2016 | $13,750 | Cash withdrawals from Victim 4's account (account ending 4824) | HILL and MELHADO |
| 6 | 5/7/2017 through 5/31/2017 | $21,700 | Cash withdrawals from Victim 5's account (account ending 8955) | MELHADO |
| 7 | 6/26/2017 through 6/28/2017 | $6,850 | Cash withdrawal from Victim 6's account (account ending in 4455) | MELHADO |
| 8 | 8/2/2016 through 8/3/2016 | $2,000 | On or about August 2, 2016, defendant HILL accessed Victim 7's account (account ending 7195) and added online banking to the account. | HILL |

| COUNT | DATE(S) | AMOUNT | DESCRIPTION | DEFENDANT |
|---|---|---|---|---|
|  |  |  | On or about August 2, 2016, an online transfer of $2,000 from Victim 7's account was initiated to a bank account held by an individual known to be in a personal relationship with defendant HILL. That online transfer was completed on or about August 3, 2016. |  |

In violation of Title 18, United States Code, Section 1344 and Title 18, United States Code, Section 2.

## COUNT 9
### (Aggravated Identity Theft)

1.     Paragraphs 1 through 4 and 6 through 26 of Count 1 of this Indictment are incorporated as if set forth in full herein.

2.     On or about August 5, 2016 through August 10, 2016, in the District of New Jersey, and elsewhere, defendants

> JAMERE HILL-BIRDSONG, a/k/a "Jamere Hill," a/k/a "Ghost,"
> a/k/a "TheRea Fly FatBoi," and
> LAMAR MELHADO, a/k/a "Staxx,"

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, namely, Victim 1's name, social security number, Bank account number, and a fraudulent Connecticut driver's license bearing Victim 1's name, during and in relation to a felony violation of a provision enumerated in Title 18, United States Code, Section 1028A(c), that is, conspiracy to commit bank fraud as set forth in Count 1.

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT 10
## (Aggravated Identity Theft)

1. Paragraphs 1 through 4 and 6 through 26 of Count 1 of this Indictment are incorporated as if set forth in full herein.

2. On or about June 26, 2017 through June 28, 2017, in the District of New Jersey, and elsewhere, defendant

LAMAR MELHADO, a/k/a "Staxx"

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, namely, Victim 6's name, Bank account number, and a fraudulent New York driver's license bearing Victim 6's name, date of birth and address and a photograph of an individual other than Victim 6, during and in relation to a felony violation of a provision enumerated in Title 18, United States Code, Section 1028A(c), that is, conspiracy to commit bank fraud as set forth in Count 1.

In violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATION AS TO COUNTS 1 THROUGH 8

1. As a result of committing the bank fraud offenses charged in Counts 1 through 8 of this Indictment, the defendants

> JAMERE HILL-BIRDSONG, a/k/a "Jamere Hill," a/k/a "Ghost,"
> a/k/a "TheRea Fly FatBoi," and
> LAMAR MELHADO, a/k/a "Staxx,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting or derived from proceeds obtained directly or indirectly as a result of the violations of Title 18, United States Code, Sections 1344 and 1349 alleged in Counts 1 through 8 of this Indictment.

2. If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States

Code, Section 2461(c), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described above.

A TRUE BILL

FOREPERSON

*Rachael A. Honig by AC*

RACHAEL A. HONIG
Acting United States Attorney

13

CASE NUMBER: _____

# United States District Court
# District of New Jersey

## UNITED STATES OF AMERICA

v.

## JAMERE HILL-BIRDSONG,
a/k/a "Jamere Hill,"
a/k/a "Ghost,"
a/k/a "TheRea Fly FatBoi," and
## LAMAR MELHADO, a/k/a "Staxx,"

## INDICTMENT FOR

18 U.S.C. §§ 1344, 1349 and 1028A(a)(1)

A True Bill,



Foreperson

RACHAEL A. HONIG
ACTING UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

DIANA VONDRA CARRIG
ASSISTANT U.S. ATTORNEY
CAMDEN, NEW JERSEY
(856) 757-5024